

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed January 29, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-31444 |
| | § | |
| JETSTAR PARTNERS, LTD. | § | CHAPTER 11 |
| | § | |
| | § | |
| | § | |
| DEBTOR. | § | |
| | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING
DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF
REORGANIZATION UNDER 11 U.S.C. § 1129(a) AND
(b) AND FED. R. BANKR. P. 3020**

WHEREAS, Jetstar Partners, Ltd. ("Jetstar" or "Debtor") filed the Plan of Reorganization (the "Plan") and the Disclosure Statement (the "Disclosure Statement"); and

WHEREAS, the Debtor transmitted the Disclosure Statement, the Plan, the Ballots or Non-Voting Notices, the Disclosure Statement Order, and notice of the confirmation hearing (collectively, the "Solicitation Packages") in accordance with Bankruptcy Rule 3017(d); and

WHEREAS, no objections (the "Objections") to confirmation of the Plan were filed; and

WHEREAS, on January 29, 2013, the Debtor filed the Certification of Tabulation Agent With Respect to Votes on the Debtor's Plan of Reorganization (the "Balloting Affidavit"), attesting and certifying the results of the ballot tabulation for classes of claims entitled to vote on the Plan; and

WHEREAS, on January 29, 2013, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the Plan; and

NOW, THEREFORE, based upon the Court's review and consideration of (a) the Balloting Affidavit and the summary of the results of balloting on the Plan attached thereto; (b) the record of the Confirmation Hearing (including all evidence proffered or adduced at such hearing, the pleadings and other submissions filed in connection therewith, and the arguments of counsel made at such hearing); (c) the entire record of this Case; and after due deliberation thereon, and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law:

A.  <u>Jurisdiction; Core Proceeding; Venue</u>.  This matter is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(L) and 1334(a).  Venue of these proceedings is proper under 28 U.S.C. §§ 1408 and 1409.

B.  <u>Judicial Notice</u>.  Judicial notice is hereby taken of the docket of this Case, including, without limitation, all pleadings, claims and other documents filed all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of this Case.

C.  <u>Transmittal of Materials; Notice</u>.  Due, adequate and sufficient notice of the Disclosure Statement and the Plan and of the Confirmation Hearing and of all deadlines for voting on or filing objections to the Plan has been given to all known holders of Claims and

Interests in accordance with the Disclosure Statement Order and the Bankruptcy Rules, and no other or further notice is or shall be required.

    D.    <u>Solicitation</u>.  Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations.

    E.    <u>Distribution</u>.  All procedures used to distribute the Solicitation Packages the applicable holders of Claims entitled to vote on the Plan, and to holders of Claims and Interests not entitled to vote on the Plan, and to tabulate the Ballots were fair and conducted in accordance with Bankruptcy Code, the Bankruptcy Rules, and all other rules, laws and regulations.

    F.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of Bankruptcy Code section 1129(a)(1).

        1.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to Administrative Claims, Priority Tax Claims, and United States Trustee fees, which need not be classified, the Plan designates 5 appropriate classes of Claims and Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests.  The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

2. <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article 4.01 of the Plan specifies the Classes of Claims that are unimpaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

3. <u>Specify Treatment of Impaired Classes and Interests (11 U.S.C. § 1123(a)(3))</u>. Article 4.02 of the Plan specify the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

4. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

5. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code section 1123(a)(5).

6. <u>Selection of Partners (11 U.S.C. § 1123(a)(7))</u>. The Debtor properly and adequately disclosed the officers and directors of Reorganized Jetstar or the manner of the selection of such officers and directors, consistent with the interests of holders of Claims and Interests and with public policy and, accordingly, satisfy Bankruptcy Code section 1123(a)(7).

7. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. Consistent with Bankruptcy Code section 1123(b), the Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code (i) the rejection of executory contracts and unexpired leases; (ii) exculpation of, and releases of claims against, various persons and entities with respect to actions taken in connection with the

Debtor's business or in furtherance of the Case, and injunctions against certain actions against the Debtor, Reorganized Jetstar and certain other persons and entities; and (iii) the treatment of rights of holders of Administrative Claims and Priority Tax Claims, and of holders of Claims and Interests in Classes 1 through 5.

G. <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically,

1. the Debtor is a proper debtor and proper proponent of the Plan under Bankruptcy Code sections 109 and 1121(a), respectively;

2. th Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

3. the Debtor has complied with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Plan.

H. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Debtor has solicited votes on the Plan in good faith and in compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by Bankruptcy Code section 1125(e).

I. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor had proposed the Plan in good faith and not by any means forbidden by law. The Plan represents extensive arms-length negotiation among the Debtor and its creditors. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(3).

J. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, has been approved by, or is subject to the approval of the Court, as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

K. <u>Partners (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with Bankruptcy Code section 1129(a)(5). The identity and affiliations of the partners of Reorganized Jetstar after the Effective Date have been fully disclosed, and the appointment of such partners is consistent with the interests of holders of Claims in the Debtor and with public policy.

L. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. No regulatory commission has any jurisdiction over rates charged by Reorganized Jetstar, and the Plan does not provide for any rate changes by Reorganized Jetstar. Thus, Bankruptcy Code section 1129(a)(6) is not applicable to the Case or to the Plan.

M. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement and the evidence adduced at the Confirmation Hearing are persuasive, credible and uncontroverted; have not been challenged; are based on reasonable and sound assumptions; and establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

N. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 and 3 Claims against the Debtor are not impaired under the Plan and the holders of those Claims are

conclusively presumed to have accepted the Plan under Bankruptcy Code section 1126(f). Class 1 and 4 Claims against the Debtor have voted to accept the Plan in accordance with Bankruptcy Code sections 1126(c) and (d). Class 5 Interests in the Debtor will not receive or retain any property on account of such Interests, and the holders of those Interests are deemed to have rejected the Plan under Bankruptcy Code section 1126(g).

O.  <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Claims, Priority Tax Claims and Other Priority Tax Claims pursuant to Article II of the Plan satisfies the requirement of Bankruptcy Code section 1129(a)(9).

P.  <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>. Class 2 and 5 voted to accept the Plan. Therefore at least one Class of Claims that is impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of Bankruptcy Code section 1129(a)(10).

Q.  <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan provides for distributions to creditors in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan. The Disclosure Statement and the evidence adduced at the Confirmation Hearing is persuasive, credible and uncontroverted; has not been challenged; is based on reasonable and sound assumptions; and establishes that the Plan is feasible, thus satisfying the requirements of Bankruptcy Code section 1129(a)(11).

R.  <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under section 1930 of title 28 of the United States Code, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to section 3.06 of the Plan thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

S.  <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtor is not obligated to pay any "retiree benefits," as defined in Bankruptcy Code section 1114(a).  Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(13).

T.  <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Class 5 Interests will not receive or retain any property on account of such Interests, and are thus deemed to have rejected the Plan under Bankruptcy Code section 1126(g).  Because no holders of any interest junior to such Class will receive or retain any property under the Plan on account of such junior interests, the Plan does not discriminate unfairly and is fair and equitable with respect to such Class, as required by Bankruptcy Code section 1129(b).  Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be binding upon the members of such Class.

U.  <u>Exemption from Securities Laws</u>.  The Debtor is not a publically traded company.

V.  <u>Satisfaction of Confirmation Requirements and Conditions to Confirmation</u>.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.  The conditions to confirmation set forth in section 16.01 of the Plan have been satisfied or will be satisfied by entry of this Confirmation Order.

W.  <u>Releases and Injunction</u>.  The release and injunction provisions in Article 8 of the Plan (the "Release/Injunction Provisions") are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a) and (b).  The Released Parties have made important contributions to the Debtor's Liquidation.  The Release/Injunction Provisions are important to the Debtor's liquidation.  The Release/Injunction Provisions are integral elements of the transactions incorporated into the Plan and are important to the overall objectives of the Plan, and are consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Disclosure Statement</u>. Pursuant to 11 U.S.C. § 1125, the Disclosure Statement is hereby approved.

2. <u>Confirmation</u>. The Plan is approved and confirmed under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. A copy of the Plan is annexed to this Confirmation Order as Exhibit A.

3. <u>Objections</u>. All the Objections, to the extent not otherwise withdrawn, waived or settled, and all reservation of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

4. <u>Plan Classification Controlling</u>. The classifications of Claims for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan were set forth on the Ballots solely for purposes of such voting, do not necessarily represent and in no event shall modify or otherwise affect the actual classification of such Claims under the Plan for any purpose, and shall not be binding on the Debtor or Reorganized Jetstar.

5. <u>Binding Effect</u>. Pursuant to Bankruptcy Code section 1141, and subject to the terms of this Confirmation Order, the Plan and its provisions shall be binding upon and inure to the benefit of (a) the Debtor, (b) Reorganized Jetstar, (c) any entity acquiring or receiving property or a distribution under the Plan, (d) any present or future holder of a Claim against or Interest in the Debtor, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan, (e) any other party in

interest, (f) any person making an appearance in the Case and (g) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

6. <u>Vesting of Assets (11 U.S.C. §§ 1141(b) and (c))</u>. Pursuant to section 9.03 of the Plan the property and assets of the Debtor's Estates under section 541 of the Bankruptcy Code will revest in Reorganized Jetstar on the Effective Date free and clear of all Claims and Interests, but subject to the obligations of Reorganized Jetstar as set forth in the Plan and the Confirmation Order. Reorganized Jetstar may deal with its assets and property and conduct its business without any supervision by, or permission from, the Court or the office of the United States Trustee, and free of any restriction imposed on the Debtor by the Bankruptcy Code or by the Court during the Case.

7. <u>Rejection and Assumption of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)); Bar Date for Rejection Damage Claims</u>. Pursuant to section 7.02 of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be automatically rejected as of the Effective Date.

8. <u>Releases and Injunction</u>. The provisions of Article 8 of the Plan are hereby approved in their entirety.

9. <u>General Authorizations</u>. The Debtor, Reorganized Jetstar and its respective partners, agents and attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement, release, document, instrument or other agreement or document, including, without limitation, any of the Plan Documents, as modified, amended or supplemented, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to

the Plan, including any amendment or restatement of any bylaws, charter or the certificate of incorporation of the Debtor or Reorganized jetstar, whether or not specifically referred to in the Plan or any Plan Document, without further order of the Court.

10. <u>Tax Claims</u>.  The Class 3 claimants shall retain their liens until paid in full. Dallas County shall be paid $204,240.84 and Coppell ISD $206,416 on or before January 31, 2013, in full satisfaction of their claims and liens for the 2012 and prior year taxes.  They shall retain their liens for the 2013 ad valorem taxes on the property until the taxes are paid in full but should the 2013 taxes become delinquent, they shall be subject to collection pursuant to applicable non-bankruptcy law.  Payments to the Taxing Authorities by the Debtor shall be in accordance with the Plan.

11. <u>Bar Date for Administrative Claims</u>.  Pursuant to section 3201 of the Plan, all requests for payment of an Administrative Claim, other than (a) a Fee Claim, (b) an Allowed Administrative Claim or (c) a liability incurred and paid in the ordinary course of business by the Debtor must be filed with the Court, and served on all parties required to receive notice thereof, no later than thirty (30) days after the Confirmation Date.  Such application must include at a minimum (a) the name of the Holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim.  Failure to timely file and serve the application required under this section shall result in the Administrative Claim being forever barred and discharged.  An Administrative Claim with respect to which notice has been timely and properly filed pursuant to section 2.01 of the Plan and this provision of the Confirmation Order shall become an Allowed Administrative Claim if no objection is filed within sixty (60) days after its filing and service.  If an objection is filed within such sixty (60) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent Allowed by a Final Order.

**Findings of Fact, Conclusions of Law and Order Confirming Debtor's Plan of Reorganization – Page 11**

12. <u>Final Fee Applications</u>.  Pursuant to section 2.02 of the Plan, each Professional who holds or asserts an Administrative Claim that is a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be required to file with the Bankruptcy Court, and shall serve on all parties required to receive notice, a Fee Application within sixty (60) days after the Effective Date.  Objections to Fee Applications must be filed within thirty (30) days after the filing and service of the Fee Application.  Failure to timely file a Fee Application as required under this section of the Plan shall result in the Fee Claim being forever barred and discharged.  A Fee Claim with respect to which a Fee Application has been timely and properly filed pursuant to section 2.02 of the Plan and this provision of the Confirmation Order shall become an Allowed Administrative Claim only to the extent allowed by a Final Order.

13. <u>Discharge</u>.  Except as provided in this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever or against any of the Debtor's assets or properties.  Except as otherwise expressly provided in the Plan or this Confirmation Order, the Debtor is discharged, effective as of the Effective Date, from all Claims against, liens on, and Interests in the Debtor, the Debtor's assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or proof of Interest was filed, whether the Claim or Interest is Allowed, whether the Holder of the Claim or Interest voted to accept the Plan or is entitled to receive a distribution under the Plan.  Upon the entry of the Confirmation Order, except as provided in this Confirmation Order, any Holder of the discharged Claim or Interest will be precluded from asserting against the Debtor or any of its assets or properties any other or further Claim or Interest based on any document, instrument,

act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor, and Reorganized Jetstar will not be liable for any Claims or Interests and will only have the obligations specifically provided for in the Plan and the Confirmation Order..

14. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the Effective Date, and Reorganized Jetstar shall thereafter pay any such statutory fees that come due after the Effective Date until the Case is closed.

15. <u>Existing Interests</u>. Pursuant to section 9.04 of the Plan, all Interests in the Debtor shall be canceled, extinguished and terminated effective upon the Effective Date.

16. <u>Notice of Entry of Confirmation Order</u>. On or before the tenth Business Day after the entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and interest holders, the United States Trustee and other parties in interest by causing such notice to be delivered to such parties by first class mail, postage prepaid.

17. <u>Notice of Effective Date</u>. Within five Business Days following the occurrence of the Effective Date, Reorganized Jetstar shall file notice of the occurrence of the Effective Date with the Court.

18. <u>Reference to Plan Provisions</u>. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

19. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, the

provisions of the Plan shall govern unless otherwise expressly provided for in such agreement, instrument or document. In the event of an inconsistency between (a) the Plan and any agreement, instrument or document intended to implement the provisions of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern.

20. <u>Binding Effect</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, all Plan Documents and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

21. <u>Monthly Operating Reports</u>. From and after the Confirmation Date, the Debtor shall be relieved of any further obligation to file monthly operating reports with the Bankruptcy Court.

**END OF ORDER**